[Cite as *State v. Johnson*, 2022-Ohio-3284.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2021-0065 |
| DALLAS JOHNSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No. CR2021-0111


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      September 19, 2022


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RONALD L. WELCH      JAMES S. SWEENEY
PROSECUTING ATTORNEY      JAMES SWEENEY LAW, LLC
TAYLOR P. BENNINGTON      285 South Liberty Street
ASSISTANT PROSECUTOR      Powell, Ohio 43065
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702

*Wise, J.*

{¶1}    Appellant Dallas Johnson appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On February 25, 2021, Appellant was indicted on one count of Possession of Drugs in violation of R.C. §2925.11(A) and one count of Possession of Drug Paraphernalia in violation of R.C. §2925.14(C)(1).

{¶3}    On September 9, 2021, Appellant entered a plea of guilty to both counts.

{¶4}    On November 3, 2021, the trial court held a sentencing hearing. At the hearing the trial court sentenced Appellant to thirty months in prison on the first count and thirty days in county jail on the second count. The sentences are to be served concurrently. Appellant was given twenty-two days of jail-time credit.

## ASSIGNMENTS OF ERROR

{¶5}    Appellant filed a timely notice of appeal. He herein raises the following Assignment of Error:

{¶6}    "I. THE TRIAL COURT'S SENTENCE WAS NOT SUPPORTED BY THE RECORD AND WAS CONTRARY TO LAW."

## I.

{¶7}    In Appellant's sole Assignment of Error, Appellant argues the trial court erred when it sentenced Appellant contrary to law. We disagree.

{¶8}    We review felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C.

§2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.13(B)(2)(e) or (C)(4), or §2929.20(I) or the sentence is otherwise contrary to law. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶9}** "R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of sentencing[.]" *State v. Harris*, 5th Dist. Muskingum No. CT2019-0075, 2020-Ohio-4600, ¶32. The first is to protect the public from future crime by the offender and others, and the second is to punish the offender using the minimum sanctions that the court determines will accomplish those purposes without imposing any unnecessary burdens on governmental resources. *Id.* The sentence imposed shall "be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar offenders." R.C. §2929.11(B).

**{¶10}** "R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11." *Harris* at ¶33. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C.

§2929.12(B). R.C. §2929.12(C) provides factors a court must consider indicating the offender's conduct is less serious than conduct normally constituting the offense, including mitigating factors. R.C. §2929.12(D) & R.C. §2929.12(E) set forth factors bearing on whether the offender is likely or not likely to commit future crimes.

**{¶11}** In the case *sub judice*, Appellant alleges that the record does not support the trial court's findings under R.C. §2929.11 and R.C. §2929.12. Appellant's argument is that while the trial court made the appropriate findings, Appellant disagrees that the trial court failed to "truly" consider the purposes and principals of sentencing.

**{¶12}** The trial court ordered a pre-sentence investigation report prior to sentencing. Appellant failed to appear for the presentence investigation and also for a drug screen. The trial court's sentence is within the statutory range for the offense, and the trial court noted it considered all appropriate factors set forth in R.C. §2929.11 and R.C. §2929.12.

**{¶13}** Upon review, we do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law.

**{¶14}** Accordingly, Appellant's sole assignment of error is overruled.

**{¶15}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/br 0912